**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO: 25-162** |
| **ZOE MARIE FRANCIS** | **SECTION: "H"** |

# ORDER

Before the Court is the Government's Amended Sentencing Memorandum (Doc. 55) and Defendant Zoe Marie Francis's Restitution Memorandum (Doc. 72).

On January 7, 2026, Defendant Zoe Marie Francis ("Defendant") pleaded guilty to one charge for theft concerning programs receiving federal funds under 18 U.S.C. § 666(a)(1)(A). On June 24, 2026, the Court sentenced Defendant to three years of probation and ordered her to pay mandatory restitution. The Court deferred its determination as to restitution until a later date. After a continuance, a restitution hearing was held on October 14, 2026. Prior to the hearing, Defendant filed a Restitution Memorandum (Doc. 72) contesting the Government's request that restitution be set at $201, 276.07. Defendant contended that restitution should be set at $167,934.72, arguing that Payroll Bonuses to Institute of Women & Ethnic Studies ("IWES") staff—

totaling $23,145.00—and Gift Card expenditures—totaling $10,196.95—are not losses that should be included in Defendant's restitution. The Court reserved ruling on the disputed restitution amounts owed by Defendant at the conclusion of the hearing.

The Mandatory Victim Restitution Act ("MVRA") applies in all sentencing proceedings for convictions of "an offense against property under this title, . . . including any offense committed by fraud or deceit."[1] The MVRA provides that restitution shall be awarded "to each victim in the full amount of each victim's losses as determined by the court and without consideration of the economic circumstances of the defendant."[2] The Fifth Circuit has held that "[t]he MVRA limits restitution to the actual loss directly and proximately caused by the defendant's offense of conviction" and "every dollar must be supported by record evidence."[3] The Government bears the burden of proving the amount of the victims' losses by a preponderance of the evidence.[4] The Court "may not award restitution that would result in the payment to the victim of an amount greater than the victim's loss, nor may the [Court] award restitution to victims that have not been 'directly or proximately harmed' by a defendant's offense."[5] Pursuant to the MVRA, the Court orders that Defendant must pay restitution in the amount of $201, 276.07 for the reasons set forth herein.

There is no dispute that at least $167, 934.72 in restitution is supported by the record evidence. After carefully considering the Government's Amended

---

[1] 18 U.S.C. § 3663A(c)(1)(A)(ii).
[2] 18 U.S.C. § 3664(f)(1)(A).
[3] United States v. Beacham, 774 F.3d 267, 279 (5th Cir. 2014).
[4] 18 U.S.C. § 3664(e).
[5] United States v. Sheets, 814 F.3d. 256, 260 (5th Cir. 2016).

Sentencing Memorandum, Defendant's Restitution Memorandum, and the record evidence, the Court finds that the disputed $33, 341.35 is also supported by the evidence in the record.

The Government's evidence demonstrates that Defendant caused $23, 145 in unauthorized bonuses to be paid to IWES staff. While Defendant may not have received these bonuses directly, she approved their issuance without authorization because she was included in the same bonus payout.[6] Defendant's own forensic expert report acknowledges that the $23,145.00 in bonuses paid to staff were "not … properly authorized."[7] Thus, the Court finds this loss is directly and proximately attributable to Defendant.

The Government's evidence also demonstrates that Defendant executed an improper $10,196.95 Vanilla gift-card purchase. Defendant had this gift-card shipped to her house which was a "deviation" from IWES normal procedure.[8] The Government's evidence shows that Defendant sought reimbursement for gift-card purchases on her personal account which had the same confirmation number as those purchased from the IWES account.[9] As

---

[6] *See* Doc. 40-10 at 12, Wegmann, Report of Forensic Acct. Inv. (Apr. 17, 2024) ("Although [Defendant] did not receive these funds, she benefitted by presenting [them] as approved since she was also included in the bonus payout."). Defendant received unauthorized bonuses on December 15, 2022, and August 15, 2023, the same day the unauthorized bonuses in question were issued to staff. Doc. 54-9 at 2.

[7] Doc. 72 at 6.

[8] Doc. 54-17 at 9 (showing $10,196.95 in gift-cards to be delivered to Defendant's house); Doc. 54-2 at 4, Interview Rep. of L. Richardson (Aug. 28, 2025) (describing IWES procedure for purchasing gift-cards, which had to be "signed out" and logged, and explaining that shipping a gift-card to an employee's house would be a "deviation").

[9] Doc. 54-18 at 3 Interview Rep. of T. Anderson (June 7, 2024) (explaining that Defendant submitted paperwork regarding Defendant's gift-card purchases and that the purchases had the same order confirmation number; describing the receipt for the personal order as "doctored").

such, the Court finds this loss is also directly and proximately attributable to Defendant.

Accordingly,

**IT IS ORDERED** that Defendant Zoe Marie Francis shall owe restitution in the amount of **$201, 276.07.** An Amended Judgment reflecting the Court's findings shall issue separately.

**IT IS FURTHER ORDERED** that Restitution is due and payable immediately. Payment shall be made at a rate of $500.00 per month. The payments are subject to increase or decrease, depending upon the defendant's ability to pay.

Restitution payments shall be made to the Clerk, United States District Court, and are to be forwarded to the following address:

U.S. CLERK'S OFFICE
Attn: FINANCIAL SECTION
500 POYDRAS STREET
ROOM C151
NEW ORLEANS, LA 70130

The U.S. Bureau of Prisons, U.S. Probation Office and the U.S. Attorney's Office are responsible for the enforcement of this order.

New Orleans, Louisiana this 30th day of October, 2026.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**